IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

Robert Michael Miller,

          Plaintiff-Appellant,

          v.

Merrick B. Garland, et al.,

          Defendants-Appellees.

No. 23-1604

**RESPONSE TO APPELLANT'S MOTION TO STAY APPEAL**

The government respectfully submits this response to appellant's motion to stay this appeal. For the reasons explained below, appellant's motion should be denied.

1. This appeal arises out of a challenge to a Rule issued by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF): *Factoring Criteria for Firearms with Attached "Stabilizing Braces,"* 88 Fed. Reg. 6478 (Jan. 31, 2023). The Rule interprets the National Firearms Act of 1934 (NFA), 26 U.S.C. § 5801 *et seq.*, which regulates, among other firearms, short-barreled rifles. The Act requires that short-barreled rifles be taxed and registered. *See*, *e.g.*, 26 U.S.C. §§ 5801-5802. The Rule explains when a firearm qualifies as a rifle in circumstances where the firearm includes a rearward attachment marketed as a "stabilizing brace." *See* 88 Fed. Reg. 6478.

Plaintiff filed this suit challenging the Rule on a variety of grounds and moved

for a preliminary injunction. The district court denied that motion in a thorough opinion, concluding that plaintiff is unlikely to succeed on the merits of any of his claims. *See* J.A. 110-34. As particularly relevant here, the district court rejected plaintiff's argument that the Rule is an improper legislative rule; instead, the court explained, the Rule is a proper interpretive rule. *See* J.A. 115-17, 123-24. Plaintiff has now appealed the denial of his motion.

    2. In addition to this suit, a number of other suits have been filed challenging the Rule. In one of those suits, a divided panel of the Fifth Circuit held—in an appeal from the denial of a motion for a preliminary injunction—that the plaintiffs in that case were likely to succeed on their claims that the Rule is a legislative rule and that it was not a logical outgrowth of the underlying proposed rule. *See Mock v. Garland*, 75 F.4th 563 (5th Cir. 2023). Following that decision, a handful of district courts in the Fifth Circuit have granted motions for preliminary injunctions against the Rule. *See Mock v. Garland*, -- F. Supp. 3d --, 2023 WL 6457920 (N.D. Tex. Oct. 2, 2023); *Texas Gun Rights v. ATF*, 2023 WL 8352316 (N.D. Tex. Oct. 4, 2023); *Texas v. ATF*, -- F. Supp. 3d --, 2023 WL 7116844 (S.D. Tex. Oct. 27, 2023); *Britto v. ATF*, 2023 WL 7418291 (N.D. Tex. Nov. 8, 2023). Although most of those courts limited their preliminary relief to the plaintiffs in those cases, one of them—without engaging in analysis regarding the proper scope of relief—"stayed" the Rule in its entirety and nationwide. *See Britto*, 2023 WL 7418291, at *5. The government has since appealed all

those district court decisions to the Fifth Circuit. *See* Nos. 23-11199, 23-11203, 23-11204, 23-40685.

At the same time, the government has prevailed in defeating motions for a preliminary injunction in other cases. In addition to the district court's decision in this case, a district court in the Northern District of Texas denied a preliminary injunction motion, concluding that the plaintiffs had not shown prejudice from any logical-outgrowth violation, were not irreparably harmed, and were otherwise unlikely to succeed on the merits. *Second Amendment Found. v. ATF*, -- F. Supp. 3d --, 2023 WL 7490149 (N.D. Tex. Nov. 13, 2023). And a district court in the District of North Dakota denied a preliminary injunction motion after explicitly considering *Mock* and concluding that it was "not bound nor persuaded by the 2-1 holding of the Fifth Circuit" and that "the reasoning and dissent of Circuit Judge Stephen A. Higginson [wa]s more persuasive" than the majority opinion in that case. *FRAC v. Garland*, -- F. Supp. 3d --, 2023 WL 5942365, at *6 (D.N.D. Sep. 12, 2023).

3. Plaintiff has now moved for a stay of this appeal, contending that the nationwide stay in the *Britto* case renders his "need for immediate preliminary injunctive relief . . . less acute" and that one of the cases within the Fifth Circuit may eventually proceed to final judgment and result in a "vacatur of the Rule" that would assertedly render plaintiff's claims moot. Mot. 1-2.

This Court should deny plaintiff's motion. Although a single district court

3

judge in another circuit has entered an ordering staying the Rule nationwide, that stay will not ultimately overtake plaintiff's claims in this case. As an initial matter, the government has appealed that preliminary relief. And as the government will explain to the Fifth Circuit in that appeal, fundamental constitutional and equitable principles establish that the universal stay is overbroad because courts must limit relief to the plaintiffs in the case. *See Gill v. Whitford*, 138 S. Ct. 1916, 1929-30 (2018) (Article III); *Califano v. Yamazaki*, 442 U.S. 682, 702 (1979) (equity). Regardless, the district court's stay is preliminary relief and will expire upon the entry of a final judgment in that case.

It would be particularly unwarranted for this Court to grant plaintiff's motion because this appeal directly presents—and the parties have developed substantial arguments regarding—the question whether the Fifth Circuit was correct to hold that the Rule is legislative rather than interpretive. *See* Opening Br. 38-43, Reply Br. 8-10 (urging this Court to adopt the *Mock* court's analysis); Resp. Br. 18-24 (explaining that *Mock*'s analysis was incorrect). As Justice Gorsuch has explained, one of the benefits of the "traditional system of lower courts issuing interlocutory relief limited to the parties at hand" is that it "encourages multiple judges and multiple circuits to weigh in only after careful deliberation, a process that permits the airing of competing views that aids th[e Supreme] Court's own decisionmaking process." *Department of Homeland Security v. New York*, 140 S. Ct. 599, 600 (2020) (Gorsuch, J., concurring in the grant of

a stay). Conversely, one of the practical problems caused by universal relief is that such relief may "short-circuit the decisionmaking benefits of having different courts weigh in on vexing questions of law." *Arizona v. Biden*, 40 F.4th 375, 395-98 (6th Cir. 2022) (Sutton, C.J., concurring). Notwithstanding that a single district court in the Northern District of Texas—bound by the Fifth Circuit's decision in *Mock*—has entered a nationwide stay, this Court should not stay this case and thereby deprive other courts and the judicial system of the benefits that would flow from this Court's considered views on the important questions presented in this case.

    4. Denying plaintiff's motion to stay proceedings in this case will also not cause any unwarranted prejudice to plaintiff. Although plaintiff asserts that a stay will "greatly relieve the burdens" of this litigation on him because he is also working on various other unrelated cases, Mot. 2, that assertion is unavailing. This appeal has already been fully briefed, so it is unclear what burdens this appeal is currently generating for plaintiff. And as explained above, the government, the parties, and the judicial system will benefit from this Court's consideration of the issues presented by this case, and that benefit outweighs whatever ordinary burdens of litigation plaintiff might experience if this case proceeds to disposition.

Respectfully submitted,

ABBY C. WRIGHT

　/s/ *Sean R. Janda*　
SEAN R. JANDA
BEN LEWIS
*Attorneys, Appellate Staff*
*Civil Division, Room 7260*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3388*
*sean.r.janda@usdoj.gov*

December 2023

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 1161 words, according to the count of Microsoft Word.

                                                */s/ Sean R. Janda*
                                                Sean R. Janda